UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| JORGE HERNANDEZ, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-07-149 |
| | § | CRIMINAL CASE NO. L-03-1941-6 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Pending before the Court is Jorge Hernandez's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, [Dkt. No. 1][1]. After a careful review of the motion, the record before the court, and the applicable law, the Court concludes that Jorge Hernandez is not entitled to relief. See 28 U.S.C. § 2255 Proc. R. 4. Therefore, for the reasons stated herein, the motion is DISMISSED.

I. Procedural History and Relevant Facts

Jorge Hernandez (Petitioner) was one of ten defendants named in a ten count indictment charging various violations of the Controlled Substances Act. Petitioner was charged in Count Two with conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marihuana, in Count Three with possession with intent to distribute a quantity in excess of 100 kilograms of marihuana and in Count Four with possession with intent to distribute in excess of 100 kilograms of marihuana. [Cr. Dkt. No. 1]. Counts Three and Four pertained to separate dates. Id. On August 12, 2004, Petitioner was found guilty by a jury on all three counts. [Cr. Dkt. No. 204]. On March 17, 2005, this Court sentenced Petitioner to a term of one hundred fifty-

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number L-07-cv-149. "Crim. Dkt. No." refers to the docket entries in criminal case number L-03-cr-1941-6.

one months imprisonment on each count, to be served concurrently, followed by a five year term of supervised release. [Cr. Dkt. No. 234]. Petitioner appealed to the Fifth Circuit Court of Appeals which, on November 9, 2006, affirmed the conviction and sentence. [Cr. Dkt. No. 288].

Petitioner now brings this motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Petitioner's motion, exclusive of exhibits, runs seventy-six pages in length and at first blush appears to present multiple claims of ineffective assistance of counsel. However, upon a thorough review of the motion, Petitioner's claims can be summarized as follows: Had counsel advised Petitioner that he would in all likelihood be found guilty, Petitioner would have stipulated to certain facts, proceeded to a bench trial and thus at least received three levels off for acceptance of responsibility, would not have been subject to an enhancement as a career offender and could have qualified for "safety valve." [Dkt. No. 1, *passim*.] Importantly, Petitioner does not admit that he is guilty as charged in each count of the indictment. Petitioner does, however, claim that he would have stipulated to the following: That he "had confessed that he had allowed his Royal Forwarding Warehouse to be used for transferring marijuana on or about 11-11-99 . . . and uncontradicted evidence of 1,052 pounds of marijuana and multiple firearms seized from his house at 111 Allende Street, Laredo, TX, on 3-30-00." [Dkt. No. 1 at 8, ¶ 10.] Such a stipulation, according to Petitioner, would have resulted in a sentence lower than one hundred fifty-one months, but would have permitted him to challenge certain sentencing factors and also to challenge the sufficiency of the evidence on appeal. [Dkt. No. 1 at 8, ¶ 8 & 9.] Also, Petitioner does admit that he was aware he could enter a plea of guilty. [Dkt. No. 1 at 18, ¶ 64.]

II. Discussion

Under Title 28, United States Code, Section 2255 a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.*

Generally, a claim of ineffective assistance of counsel cannot be brought by direct appeal. Thus, it is proper grounds for a § 2255 claim. However, the inquiry does not end there. To obtain post-conviction relief due to ineffective assistance of counsel, a defendant must show (1) that counsel's representations fell below an objective standard of reasonable service, and (2) that this deficient performance prejudiced the defense such that the outcome of the trial or criminal proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-91, 694 (1984). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action was sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Ricalday v. Procunier*, 736 F.2d 203, 206 (5th Cir. 1984).

There is no doubt that an attorney representing a criminal defendant has a duty to advise the defendant about his options, including whether he should plead guilty. "In determining whether or not to plead guilty, the defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice. *Teague v. Scott,* 60 F.3d 1167 (5th Cir. 1995). This obligation is fulfilled by informing the defendant about the relevant

circumstances and the likely consequences of a plea. *Id*. at 1170. "Apprising a defendant about his exposure under the sentencing guidelines is necessarily part of this process. A defendant cannot make an intelligent choice about whether to accept a plea offer unless he fully understands the risks of proceeding to trial." *United States v. Herrera,* 412 F.3d 577, 580 (5th Cir. 2005).

In this case, Petitioner asserts that he was not informed that proceeding to trial would deprive him of a three level reduction for acceptance of responsibility. He asserts that had he been properly advised, he would have proceed to a bench trial on stipulated facts.[2] [Dkt. No. 1 at 17, ¶8; 46, ¶59, 47, ¶65.] As previously noted, Petitioner does not admit that he was in fact guilty but does assert that he would have stipulated to certain facts. In particular, Petitioner asserts that he would have stipulated that he "had confessed that he had allowed his Royal Forwarding Warehouse to be used for transferring marijuana on or about 11-11-99 . . . and uncontradicted evidence of 1,052 pounds of marijuana and multiple firearms seized from his house at 111 Allende Street, Laredo, TX, on 3-30-00." [Dkt. No. 1 at 46, ¶ 10.] Importantly, admitting that one made a confession is not equivalent to admitting that one is in fact guilty. Often, a defendant confesses only to later claim his innocence. Petitioner also intimates that after such a plea, he would have pursued an appeal based on the sufficiency of the evidence. ("Counsel could have but did not fully advise Mr. Hernandez that he could obtain appellate review of the sufficiency of the evidence, while still obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for

---

[2] In certain sections of his motion, Petitioner also indicates that he would have pled guilty. However, a thorough review of his motion makes it clear that Petition was aware that he could plead guilty even without a plea agreement and that what he really complains of is not knowing that he could proceed to a bench trial on stipulated facts.

acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving his legal issue for appellate review." [Dkt. No. 1 at 17, ¶ 59])

These claims, if true, would raise questions about the adequacy of counsel's performance. However, the Fifth Circuit has repeatedly held that a court may dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice without first considering the deficiency prong. *United States v. Ridgeway,* 321 F.3d 512, 514 -515 (5th Cir. 2003). Therefore, turning to the issue of prejudice, the Court finds that Petitioner's claims are without merit for several of reasons.

First, § 3E1.1 makes it clear that the defendant must truthfully admit the conduct comprising the offense(s) of conviction. It does not necessarily apply to a defendant who seeks a bench trial or stipulates only to certain facts. *See United States v. Leonard*, 61 F.3d 1181, 1187 (5th Cir. 1995). Petitioner's proposed stipulation falls far short of admission of the conduct comprising the offenses charged. Second, a stipulation is "[a] voluntary agreement between opposing parties concerning some relevant point . . . ." Black's Law Dictionary 1455 (8th Ed.) There is no indication that the Government would have agreed to Petitioner's proposed stipulation. Third, the Government's and Court's consent are required for a bench trial. There is no showing that either would have agreed to a bench trial, especially in light of the insufficiency of the proposed stipulation. Fourth, Petitioner's proposed stipulation - that he made a confession and to the seizure of marijuana from his house, would have been insufficient for a finding of guilt on any one of the charges against Petitioner and therefore would not have been accepted by the Court.[3]

---

[3] Petitioner's argument presupposes that the Court would have accepted an insufficient stipulation which would then be reversed on appeal.

Petitioner also asserts that had he proceed to a bench trial, he would not have been subject to an enhancement as a career offender and he could have qualified for "safety valve." These claims are similarly without merit. Petitioner was not subjected to a career offender enhancement. The only enhancement applied was for use of a dangerous weapon, an enhancement not challenged here. Additionally, even thought found guilty by a jury, Petitioner was offered the opportunity for safety valve debriefing but he refused. Sentencing Transcript, p.18 (March 17, 2005).

Therefore, even assuming that counsel failed to properly advise Petitioner of the risks of going to trial, Petitioner has failed to show prejudice.

III. CONCLUSION

It is clear from the face of Petitioner's Motion, as well as the record as it currently stands, that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, Petitioner's Motion to Correct, Vacate, or Set Aside Sentence is DISMISSED. Additionally, should Petitioner seek a certificate of appealability, such is DENIED.

IT IS SO ORDERED.

SIGNED this 2nd day of April, 2008.

Micaela Alvarez
United States District Judge